ROBERTSON, Justice:
Appellant, Myrtis G. Robinson, recovered a judgment for $2500.00 against the Appellee, David G. Morrison, a minor, in the Circuit Court of the Second Judicial District of Hinds County.
This judgment was for personal injuries sustained by her when Morrison ran a red *95 light at the intersection of U. S. Highway 80 and Valley Street, and ran head-on into the right side of Mrs. Robinson’s car.
It is necessary for us to note and rule on only one of the three errors assigned. The appellant contends that the trial court erred in granting the appellee a comparative negligence instruction because there was no evidence justifying the granting of such an instruction. We agree and reverse and remand.
The evidence is undisputed that Defendant Morrison was driving west on U. S. Highway 80, that he ran a red light and ran head-on into the right side of Plaintiff Robinson’s car as she proceeded in a northerly direction across the intersection of U. S. Highway 80 and Valley Street. Plaintiff Robinson testified that she stopped at the intersection, waited for the traffic light to change, and when the green light appeared she started across the intersection and was traveling about 5 to 10 miles per hour when hit by the defendant. Investigating Officer Williams testified that Mrs. Robinson’s car laid down about 48 feet of skid marks and that under normal conditions a car would have had to be traveling between 30 and 40 miles an hour when the brakes were applied, to skid 48 feet.
Appellee contends that appellant was traveling at an excessive rate of speed at an intersection. Even if this were true, the speed of appellant’s car had absolutely nothing to do with the accident. The sole proximate cause of the collision was that the appellee ran a red light.
The trial judge recognized this fact when he granted the plaintiff a peremptory instruction as to liability. There was no evidence in the record to support the granting of a comparative negligence instruction.
The judgment of the trial court is reversed and the cause remanded for a new trial.
Reversed and remanded.
All Justices concur.